Submitted on brief of appellant and affirmed July 29, 1919.

## SPEXARTH *v.* SHERMAN.

(183 Pac. 23.)

**Taxation—Payment—Time—Constitutionality of Statutes.**

1. It was within the power of the legislature to pass Section 3682, L. O. L., as amended by Laws of 1913, page 334, Section 20, requiring taxpayers to pay their taxes on April 1st, but permitting them to then pay one half of the sum due and allow the remainder to run until September 1st, by paying a sum equivalent to one per cent a month on the unpaid balance.

**Appeal and Error—Disposal of Cause—Statutory Amendments.**

2. Where an action was brought in 1914 to restrain a county treasurer from collecting penalties under Section 3682, L. O. L., as amended by Laws of 1913, page 334, Section 20, and a demurrer to the complaint was sustained, and an appeal was taken to the Supreme Court, and pending the appeal the act of 1913 was amended by Laws of 1915, page 184, Section 1, so as to eliminate the penalties, and Laws of 1915, page 298, an act of general amnesty and forgiveness as to penalties incurred, was enacted, the demurrer will be sustained by the Supreme Court, but the clerk of the Circuit Court, where the taxes without the penalties were tendered, will be ordered to pay to the county treasurer the amount so tendered and paid into court, and the proper authorities will be ordered to accept the same in full payment of taxes.

From Clatsop: JAMES A. EAKIN, Judge.

In Banc.

This was a suit to restrain the treasurer of Clatsop County from collecting certain penalties upon taxes not paid on April 1, 1914, and arises out of the following facts:

Section 3682, L. O. L., as amended by Section 20, Chapter 184, Laws of 1913, reads as follows:

"Sec. 3682. When Taxes Payable. Taxes legally levied and charged in any year shall be paid before the 1st day of April following. If the taxes against any particular parcel of real property, or the taxes on personal property charged against any individual, firm, corporation or association, are not paid before said 1st day of April, penalties shall be charged on such taxes and added to and collected with the same, as follows:

"1. A penalty of one per cent on all taxes paid on or after the said 1st day of April and before the 1st day of May following.

"2. A penalty of two per cent on all taxes paid on or after the said 1st day of May and before the 1st day of June following.

"3. A penalty of three per cent on all taxes paid on or after the said 1st day of June and before the 1st day of July following.

"4. A penalty of four per cent on all taxes paid on or after the said 1st day of July and before the 1st day of August following.

"5. A penalty of five per cent on all taxes paid on or after the said 1st day of August and before the 1st day of September following."

The plaintiff was assessed for the year 1913 in the sum of $1,945.04, due on April 1, 1914, and on said date elected to pay one half of said sum, leaving the sum of $972.52 unpaid. On August 12, 1914, he tendered to the defendant, as tax collector, the remaining half and demanded a receipt in full of his taxes for 1913, which defendant refused to give, claiming that plaintiff should pay an additional 5 per cent as penalty. The plaintiff brought this suit to compel the defendant to accept the sum tendered and issue the receipt.

A demurrer to the complaint was sustained and plaintiff, refusing to plead further, the suit was dismissed, from which order he appeals.          AFFIRMED.

For appellant there was a brief submitted over the name of *Mr. Clarence J. Curtis.*

For respondent there was no appearance whatever.

McBRIDE, C. J.—1. The law, although harsh, is, in our judgment, clear. Taxpayers were required to pay their taxes on April 1st, but were permitted to pay

one half the sum due and allow the remainder to run until September 1st, by paying a sum equivalent to 1 per cent a month on the unpaid balance. If not then paid the tax became delinquent and still further penalties were added. The purpose of the large penalty, or interest, required to be paid on that moiety of the taxes not paid on April 1st, was evidently to induce taxpayers to pay up promptly, and it was entirely within the power of legislature to pass such an act. Therefore, on August 12, 1914, plaintiff should have tendered to defendant $48.62, in addition to the principal sum due, and the demurrer was properly sustained.

2. The act of 1913, *supra,* was amended by Section 1, Chapter 156, Gen. Laws of 1915, so as to eliminate the objectionable features of the previous act, and at the same session Chapter 223 was enacted, which was an act of general amnesty and forgiveness as to all penalties incurred under the act of 1913, *supra;* so that in any event, the amount brought into court at the commencement of this action would satisfy the demands of the last statute on the subject.

Owing to the death of counsel for appellant and the removal from the state of the counsel for respondent, this case has not been brought up for hearing at an earlier date.

The demurrer will be sustained and the clerk of the Circuit Court will pay over to the county treasurer the amount tendered and paid into court, and the proper authorities will receipt to him and to plaintiff for the tax of 1913, and the same will be marked paid on the tax-roll. Neither party will recover costs.

AFFIRMED.